**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000426**
**16-JAN-2025**
**07:58 AM**
**Dkt. 295 SO**

NO. CAAP-21-0000426


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KAUPO RANCH, LTD., Plaintiff-Appellee, v.
HEIRS AND ASSIGNS OF KANAKAOKAI; et al.,
Defendants-Appellants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC900000124(1))


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendants-Appellants Manuel P. Espinda, Wilhelmina M. Polanco, Lilia E. Kepaa, Gabriel K. Espinda, Joseph H. Espinda, Soloman K. Espinda, Heirs of Paul H. Espinda, Deceased, Paul Espinda, Myrna M. Espinda, Widow of Paul H. Espinda, Deceased, Myron M. Espinda, Dorlyne Espinda, Carlynne Espinda Pruitt, Matthew Espinda, David K. Espinda and Samuel D.K. Espinda (collectively, **Espinda Family**) appeal from the Circuit Court of the Second Circuit's (1) June 22, 2021 Order Granting

Plaintiff's Motion to Confirm Partition Sale and (2) January 13, 2021 Order on Commissioner's Request for Instructions from the Court Regarding Proposed Private Sale.[1]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

**(1)** The Espinda Family contends the circuit court "erred in (1) failing to require the properties to be sold by 'private sale' and (2) confirming the sale of the subject properties where the properties were sold by auction, and not by private sale, as required by the Final Judgment and Decree and First Amended Final Judgment and Decree." (Some formatting altered.)

The First Amended Final Judgment and Decree noted two of the properties at issue "will be sold at private sale[,]" and directed the parties to "select a real estate broker to list for a period of one year the two parcels for sale." The First Amended Final Judgment and Decree also provided, "[i]f after six months the property has not sold, the parties agree to meet and negotiate in good faith to determine how and whether the real estate listing will be changed."

---

[1] The Honorable Rhonda I.L. Loo entered the January 13, 2021 order, and the Honorable Blaine J. Kobayashi entered the June 22, 2021 order.

2

At most, the First Amended Final Judgment and Decree required private marketing for one year, and negotiations within six months if a sale did not occur. The First Amended Final Judgment and Decree did not prohibit a partition by sale.

By the time the circuit court ordered a partition by sale, a broker selected by the Commissioner had listed the properties for private sale on three separate occasions, including two separate one-year periods. And, two other brokers the parties agreed upon listed the properties for sale on January 5, 1995, but their listing expired and the parties were unable to agree upon a new list price or whether to continue using the same brokers. Under these circumstances, the requirements of the First Amended Final Judgment and Decree were not violated, and the circuit court did not err in ordering a partition by sale.

**(2)** The Espinda Family also contends the circuit court "erred in confirming the sale of the subject properties, because the price obtained at the judicial sale was inadequate." To support this contention, the Espinda Family relies on an appraisal they obtained as of May 7, 2021 determining the market value to be $985,000 and the Commissioner's assertion that he located a new broker willing to re-list the properties for about $700,000.

Given the lengthy period of time the parties attempted to negotiate a private sale, and the $410,000 highest offer received while the properties were privately marketed, the $380,000 confirmed price does not shock the conscience. HawaiiUSA Fed. Credit Union v. Monalim, 147 Hawaiʻi 33, 45, 464 P.3d 821, 833 (2020) (explaining judicial sales often result in a price below fair market value as a result of the forced nature of the sale); Sugarman v. Kapu, 104 Hawaiʻi 119, 127, 85 P.3d 644, 652 (2004) (noting "it is well recognized that a sale may be set aside where the inadequacy [of price] is so gross as to shock the conscience") (citation and internal quotation marks omitted).

Based on the foregoing, we affirm the circuit court's (1) June 22, 2021 Order Granting Plaintiff's Motion to Confirm Partition Sale and (2) January 13, 2021 Order on Commissioner's Request for Instructions from the Court Regarding Proposed Private Sale.

DATED:  Honolulu, Hawaiʻi, January 16, 2025.

| On the briefs: | /s/ Keith K. Hiraoka |
| | Presiding Judge |
| Gary Y. Okuda, | |
| for Defendants-Appellants. | /s/ Karen T. Nakasone |
| | Associate Judge |
| Craig G. Nakamura, | |
| Catherine L.M. Hall, | /s/ Sonja M.P. McCullen |
| (Carlsmith Ball) | Associate Judge |
| for Plaintiff-Appellee. | |